# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LABARRY BEELER,** | ) | CASE NO. 7:16CV00358 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Norman K. Moon |
| Respondent. | ) | Senior United States District Judge |

Labarry Beeler, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting his actual innocence regarding a conviction in Culpepper County Circuit Court. Respondent filed a motion to dismiss Beeler's § 2254 petition, and Beeler responded, making the matter ripe for disposition. After review of the record, I will grant the motion to dismiss.

## I. Procedural Background

In 1999, Beeler pleaded guilty to first-degree murder in the Culpepper County Circuit Court. The circuit court sentenced Beeler to life in prison. Beeler did not pursue a direct appeal.

Beeler did, however, file a timely petition for a writ of habeas corpus to the Virginia Supreme Court, raising three ineffective assistance of counsel claims. The court dismissed the petition in 2000. Next, he filed a federal habeas petition, which the district court denied in 2001. Beeler appealed, but the Fourth Circuit Court of Appeals affirmed the district court's decision. Lastly, he petitioned for a writ of certiorari from the United States Supreme Court, but the Court refused review.

In 2016, Beeler filed the present habeas action, alleging two actual innocence claims:

1. Newly discovered evidence shows that the petitioner was involuntarily intoxicated and actually innocent when he committed his crime and thus his procedural defaults should not be enforced against him; and
2. The newly discovered evidence requires a new trial for the petitioner.

Beeler has not raised either claim before the current petition.

## II. Actual Innocence Gateway

"Generally, a federal court may not consider claims that a petitioner failed to raise at the time and in the manner required under state law." *Teleguz v. Zook*, 806 F.3d 803, 807 (4th Cir. 2015) (citation omitted). The "actual innocence gateway" under *Schlup v. Delo*, 513 U.S. 298 (1995) and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) enables a federal court to review otherwise defaulted or time-barred claims when a petitioner makes a "compelling showing of actual innocence." *Teleguz*, 806 F.3d at 807. For a petitioner to claim actual innocence, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." *Schlup*, 513 U.S. at 316 (emphasis in original). Actual innocence "does not *by itself* provide a basis for relief. Instead, [the petitioner's] claim for relief depends critically on the validity of his [procedurally defaulted claim]." *Id.* at 315 (citing *Herrera v. Collins*, 506 U.S. 390, 403 (1993)) (emphasis added).

Beeler has alleged actual innocence, and he demands a new trial, but he has not asserted any underlying substantive allegations that are cognizable on federal habeas review. Actual innocence is merely a gateway that enables federal review of otherwise defaulted claims; it is not, in and of itself, a claim for habeas relief under § 2254.

Beeler argues that his actual innocence entitles him to review of his defaulted claims and a new trial. However, neither "claim" in his present petition is an allegation of error that renders his conviction contrary to, or an unreasonable application of, federal law, or an unreasonable determination of facts. In *Herrera v. Collins*, the Supreme Court addressed precisely this situation:

> Petitioner in this case is simply not entitled to habeas relief . . . [f]or he does not seek excusal of a procedural error so that he may bring an independent constitutional claim challenging his conviction or sentence, but rather argues that he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect. The fundamental miscarriage of justice exception is available "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." We have never held that it extends to freestanding claims of actual innocence. Therefore, the exception is inapplicable here.

506 U.S. 390, 404-05 (1993) (internal citation removed).

Beeler, like the petitioner in *Herrera*, does not bring an independent constitutional allegation challenging his conviction; instead, he incorrectly asserts freestanding claims of actual innocence as grounds for habeas relief.[1] Additionally, Beeler openly admits that his two claims are the same: "Beeler was unable to find out from the prison's law library clerks the difference

---

[1] Buried in his filings, Beeler states the following: "Regarding the first federal habeas petition that this court dismissed as untimely . . . my post-conviction lawyer, Joseph Morrissey, was confused about the federal deadline and his ineffectiveness as counsel caused him to miss the deadline . . . Beeler also presents the claim that had SmithKline not deliberately hid [sic] Paxil's adverse side effects, Beeler would have been able to present this evidence at trial and the outcome of the trial would have been different." Pet'r's Resp. to the Mot. to Dismiss 10-11 (ECF No. 19). It is unclear whether these assertions are meant to be "claims." A petitioner must specifically claim a constitutional violation, and the burden is on the petitioner to support that claim with evidence. *See generally* 28 U.S.C. § 2254(d). Beeler fails to coherently assert a claim under § 2254 or present any substantiating evidence; regardless, his "claims" are not cognizable on federal review. For claim 1, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). For claim 2, Beeler does not allege anything remotely resembling a proper § 2254 claim reviewable by a federal court. A private pharmaceutical company allegedly withholding side effect information is not, by itself, a basis for federal habeas corpus relief.

3

between newly discovered evidence and after discovered evidence, therefore, he made two separate grounds although they may be considered as one ground." Pet'r's Br. 15-16 (ECF No. 1).

Therefore, Beeler's claims are not cognizable on federal review, and he is not entitled to habeas relief under § 2254.

### III. Conclusion

For the reasons stated, I **GRANT** the motion to dismiss. Beeler's claims are not cognizable on federal habeas review. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Beeler and to counsel of record for Respondent. Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This 30th day of May, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE